UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LORD ABBETT MUTUAL FUNDS FEE LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MASTER FILE: 04-CV-0559 (WJM)<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Jerome M. Congress, Esq.
Janine L. Pollack, Esq.
Kim B. Levy, Esq.
Milberg Weiss Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, NY 10119
    (*Plaintiffs' Lead Counsel and Chair of Plaintiffs' Executive Committee*)

Samuel H. Rudman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
    (*Member of Plaintiffs' Executive Committee*)

Marvin L. Frank, Esq.
Eric J. Belfi, Esq.
Murray, Frank & Sailer LLP
275 Madison Ave.
New York, NY 10016
    (*Member of Plaintiffs' Executive Committee*)

Joseph H. Weiss, Esq.
Richard A. Acocelli, Esq.
Weiss & Lurie
551 Fifth Ave.
New York, NY 10176
    (*Member of Plaintiffs' Executive Committee*)

Patrick L. Rocco, Esq.
Jennier A. Sullivan, Esq.
Shalov Stone & Bonner LLP
163 Madison Avenue, P.O. Box 1277
Morristown, NJ 07962

(*Liaison Counsel for Plaintiffs*)

Joseph J. DePalma, Esq.
Lite, DePalma, Greenberg & Rivas LLC
Two Gateway Center, Twelfth Floor
Newark, NJ 07102-5003
    (*Counsel for Plaintiff*)

Gary S. Graifman, Esq.
Kantrowitz, Goldhamer & Graifman
210 Summit Ave.
Montvale, NJ 07645
    (*Counsel for Plaintiff*)

(*Counsel for Defendants*):

Anthony P. LaRocco, Esq.
Christopher A. Barbarasi, Esq.
Kirkpatrick & Lockhart LLP
One Newark Center, Tenth Floor
Newark, NJ 07102

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
Jon A. Stanley, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Ave., N.W.
Washington, DC 20036-1221

Andrew Weissman, Esq.
Sam Broderick, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC 20037

Mary Sue Henifin, Esq.
Tod S. Chasin, Esq.
Buchanan Ingersoll, PC
700 Alexander Park, Suite 300
Princeton, NJ 08540-6347

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Courts' Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Complaint, and Defendants' Motion for Reconsideration or Modification.  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, Plaintiff's motion is **DENIED** in its entirety and Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The facts of this case are set forth fully in the Court's prior opinion granting in part and denying in part Defendants' motion to dismiss.  *In re Lord Abbett Mut. Funds Fee Litig.*, 385 F. Supp. 2d 471 (D.N.J. 2005) [hereinafter, "*Lord Abbett*" or "the Opinion"].  Familiarity with the facts set forth in the Opinion is presumed.

Plaintiffs raise two reasons why the Court should reconsider its decision in *Lord Abbett*.  First, Plaintiffs argue that the Court overlooked controlling authority in ruling that § 36(b) of the Investment Company Act ("ICA"), 15 U.S.C. 80a-35(b), does not provide a private right of action to assert direct claims.  Second, Plaintiffs contend that the Court overlooked the principle that a dismissal under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f), should be without prejudice as to Plaintiffs' ability to replead state law claims that are not preempted under the act.

Defendants, on the other hand, raise two reasons why the Court should reconsider its decision in *Lord Abbett*.  First, Defendants argue that the Court overlooked controlling authority holding that dismissal of certain claims under SLUSA requires dismissal of the entire action.

Accordingly, Defendants contend that the Court erred in allowing Plaintiffs 30 days to replead their claims under § 36(b) and § 48(a), 15 U.S.C. §§ 80a-47(a), of the Investment Company Act ("ICA"), 15 U.S.C. § 80a-1 *et seq.*  Second, Defendants request that the Court remove dictum from the *Lord Abbett* decision indicating that certain injuries sustained by Plaintiffs' were direct. Both Defendants and Plaintiffs argue that the Court's decision in *Lord Abbett* and *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2005) [hereinafter, "*Franklin Funds*"], which were based on materially identical complaints, contradict each other.  On this point, the Court agrees.

## DISCUSSION

**I.  Standard of Review**

A motion for reconsideration is an extraordinary remedy to be granted "very sparingly." *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003).  It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly."  *Orianti Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Rather, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law.  *See* D.N.J. Civ. R. 7.1(i).  When a matter was considered by the Court, it was not "overlooked."  *P. Schoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001).  If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion.  *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

## II. Plaintiffs' Motion For Reconsideration Is Denied In Its Entirety

### A. Section 36(b) Does Not Provide A Direct Right Of Action

Plaintiffs disagree with the Court's holding that shareholders of a mutual fund do not have a direct right of action under § 36(b) of the ICA. Plaintiffs argue that this holding contravenes Supreme Court precedents, the plain language of § 36(b), and § 36(b)'s alleged obliteration of the distinction between claims by shareholders and claims by a mutual fund. In doing so, Plaintiffs fail to identify any law the Court overlooked as required by the standard of review on a motion for reconsideration. Moreover, Plaintiffs are mistaken.

First, the Court disposed of the first two arguments in its discussion of the issue. *See Lord Abbett*, 385 F. Supp. 2d at 488-89. Plaintiffs' reiteration of the very same arguments is no more persuasive the second time around. Supreme Court precedents make clear that the rights asserted in a § 36(b) action are the rights of the company, e.g., the mutual fund, not the individual shareholders. *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n.11 (1984); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108 (1991). As the Court succinctly stated in its opinion:

> Given the plain language of Section 36(b) and the Supreme Court's subsequent comment on the meaning of the statutory provision, the Court concludes that Plaintiffs' Section 36(b) claim must be pleaded as a derivative (not a direct) claim.

*Lord Abbett*, 385 F. Supp. 2d at 489. Thus, Plaintiffs may not assert direct claims under § 36(b).

Second, Plaintiffs' argument that § 36(b) obliterated the distinction between claims by shareholders and claims by mutual funds is incorrect. Essentially, Plaintiffs argue that under § 36(b), the rights of shareholders and the mutual funds are inextricably intertwined such that an injury to the funds is a direct injury to their shareholders. (*See, e.g.*, Pls.' Mt. for Recons. at 4-6).

In *Franklin Funds*, however, the Court considered and rejected this argument. In that case, the shareholder plaintiffs argued that mutual funds have a unique structure because each share represents a fractional ownership interest in a large investment account. *Franklin Funds*, 388 F. Supp. 2d at 462-64. As such, the shareholder plaintiffs argued that any injury to the funds was a direct injury to investors. Relying on the Third Circuit's opinion *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727 (3d Cir. 1970), the Court rejected that proposition, concluding that the structure of a mutual fund was not determinative of the type of injury suffered by the shareholders. *Id.* at 463-64. In other words, shareholders cannot recast an injury to mutual funds as a direct injury to themselves; it remains a derivative injury to the shareholders.

Moreover, contrary to Plaintiffs' argument, § 36(b) did not obliterate distinctions between rights of shareholders and mutual funds. It did not commingle their interests, making them indiscernible from one another. Rather, it clearly keeps their rights separate and distinct. Indeed, it is their maintained distinction that restricts § 36(b)'s reach. Shareholders have the right to bring suit under § 36(b), not mutual funds. Shareholders can only bring claims "on behalf of" the funds, i.e., assert derivative claims, not direct claims. And, any recovery goes to the mutual funds, not the shareholders. Accordingly, Plaintiffs' "obliteration" argument is without merit and does not warrant reconsideration of the Court's opinion.

### B. Plaintiffs' Request For Leave To Amend Their State Law Claims To Avoid SLUSA Preemption Is Denied.

Plaintiffs also seek reconsideration of this Court's dismissal, with prejudice, of their state law claims under SLUSA. In particular, Plaintiffs ask the Court for leave to amend their state law claims to eliminate SLUSA preemption. Plaintiffs contend that they can define a subclass of

persons who neither purchased nor sold during the class period, thereby avoiding SLUSA preemption. Furthermore, Plaintiffs argue that they can amend their state law claims to make clear that they are not predicated on any misrepresentations or omissions of fact, as barred by SLUSA, but rather on the charging of excessive fees.

Federal Rule of Civil Procedure 15(a) provides that a party may seek leave of court to amend a pleading and that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion for leave to amend, however, "rests within the sound discretion of the district court." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998) (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984)). "'Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d Cir. 2002) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). Moreover, a court may deny a request for leave to amend a complaint "if the movant fails to provide a draft amended complaint." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F. 2d 858, 864 (3d Cir. 1984)); D.N.J. Civ. R. 7.1(f).

Under this standard, Plaintiffs' request fails on two grounds. First, Plaintiffs had numerous opportunities to plead the state law claims that they now argue can avoid SLUSA preemption. After filing an initial complaint, and amending that complaint, they now seek a third bite at the proverbial apple. *See, e.g., Rolo*, 155 F.3d at 654-55 (rejecting proposed second amended complaint where plaintiffs were repleading facts which could have been plead earlier). In addition, Plaintiffs failed to provide the court with a second amended complaint setting forth their proposed state law claims. As such, it would be entirely speculative for the court to

consider the merits of Plaintiff's request at this time. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request.").

Second, Plaintiffs fail to cite to any relevant facts or controlling authority overlooked by the Court in dismissing their state law claims with prejudice. *See* D.N.J. Civ. R. 7.1(i). Plaintiffs cite only to *Rowinski v. Solomon Smith Barney Inc.*, 398 F.3d 294, 305 n. 12 (3d Cir. 2005) for the proposition that a district court can dismiss a claim under SLUSA without prejudice. However, Plaintiffs provide no authority that dismissal without prejudice is *required* by the Court. The *Rowinski* court merely noted, in a footnote, that the district court in the case dismissed plaintiffs' claims under SLUSA without prejudice. *Id. Rowinski* makes no statement that dismissal without prejudice is required in every SLUSA case. Accordingly, this statement cannot seriously be considered controlling authority overlooked by this Court and, therefore, Plaintiffs' motion for reconsideration on this ground is denied.

### III.  Defendants' Motion for Reconsideration

#### A.  Defendants' Request For Reconsideration Of Partial Dismissal Of This Action Is Denied

In *Lord Abbett*, this Court dismissed counts seven through ten under SLUSA. The Court, however, allowed Plaintiffs to submit a new complaint limited to pleading derivative claims under §§ 36(b) and 48(a). Defendants seek reconsideration of this holding. They argue that dismissal of certain claims under SLUSA mandates the dismissal of the "entire action," including those claims not dismissed under the statute. In support of their argument, Defendants rely on the statute itself, which preempts any "covered class *action* based upon the statutory or common

law of any State or subdivision thereof...." 15 U.S.C. § 78bb(f)(1) (emphasis added).  According to Defendants, since the Court found that certain claims in Plaintiffs' complaint were preempted by SLUSA, the entire "action" must be dismissed and, therefore, Plaintiffs should not be allowed the opportunity to replead any of their claims.

The only authority that Defendants cite in support of their argument, and which is binding on this Court, is the Third Circuit's decision in *Rowinski*.  The court in *Rowinski* noted that SLUSA could stand for the proposition that preemption of a claim under the act requires dismissal of the entire action.  *Rowinski*, 398 F.3d at 305.  The court, though, did not reach this issue.  *Id.*  Instead, the court only remarked:

> As an initial matter, we question whether preemption of certain counts and remand of others is consistent with the plain meaning of SLUSA.  The statute does not preempt particular "claims" or "counts" but rather preempts "actions," suggesting that if any claims alleged in a covered class action are preempted, the entire action must be dismissed.  *But we need not decide whether a count-by-count analysis is appropriate in this case*, because Plaintiff has incorporated every allegation into every count in his complaint.

*Id.* (emphasis added).  While this quote might suggest that dismissal of a claim under SLUSA mandates dismissal of an entire action, the Third Circuit expressly reserved decision on this issue.  As such, *Rowinski* does not constitute a "controlling decision[]" that the Court "overlooked."  *See* D.N.J. Civ. R. 7.1(i).  Therefore, Defendants' motion for reconsideration on this issue is denied.

> **B.     Plaintiffs' Alleged Injuries Are Derivative, Not Direct, And The Court Will Withdraw The *Lord Abbett* Decision And Issue An Amended Version That Conforms With The *Franklin Funds* Decision**

Defendants seek reconsideration of this Court's holding that Plaintiffs alleged a direct

Page 7 of  11

injury, i.e., "the decline in net asset value per share for shareholders (despite the Funds' net asset growth) as a result of new investors joining the fund." *See Lord Abbett*, 385 F. Supp. 2d at 481. Defendants argue that *Lord Abbett* is contrary to pertinent case law and this Court's holding in *Franklin Funds*, which dealt with a materially identical complaint and held that plaintiffs alleged only derivative injuries. Plaintiffs agree that the holdings in *Lord Abbett* and *Franklin Funds* are contradictory, but argue that *Lord Abbett*'s holding is correct and *Franklin Funds*'s holding needs modification. Because the parties are correct that the Court's holdings are irreconcilable, the Court finds that this is one of the rare instances where reconsideration is appropriate. Further, because the Court finds that it incorrectly found a direct injury alleged in this case where none existed, the Court shall amend the *Lord Abbett* decision to reflect that all alleged injuries are derivative.

In *Lord Abbett*, the Court found that the "decline in net asset value per share – allegedly caused by Lord Abbett's broker compensation practices" was a direct injury. *Lord Abbett*, 385 F. Supp. 2d at 481. That finding was premised on the fact that shareholders of mutual funds are holders of "redeemable securities" and, as such, "any increase in the number of fund shareholders that is not accompanied by a proportionate increase in such assets diminishes the value of that fund's redeemable securities." *Id.* at 481-82. Having found that "the Complaint alleges that Lord Abbett's broker compensation practices, by causing new investors to join the Funds without any corresponding proportionate increase in Fund assets, caused new asset value per share to decrease (despite overall Fund asset growth)," the Court concluded that the broker compensation practices could be said to have directly injured plaintiffs. *Id.* at 482. That conclusion, in retrospect, is incorrect.

First, as found in *Lord Abbett* and *Franklin Funds*, the injuries attributable to broker compensation practices are derivative. As the Court clearly articulated in *Lord Abbett*:

> The first two forms of alleged injury – payment of excessive distribution and advisory fees out of Fund assets – are, in the Court's opinion, derivative in nature. That is, the injury they allegedly caused Fund shareholders (depletion of Fund assets) is indistinguishable from injury they caused the Funds themselves: the mere fact that Fund assets ultimately belong to the Fund shareholders does not render depletion of those assets injury suffered by shareholders that is distinct from injury suffered by the Funds.[1]

*Id.* at 481. The Court reached the very same conclusion in *Franklin Funds*:

> In light of [the Third Circuit's holding in *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 733 (3d Cir. 1970)], the Court concludes that all of plaintiffs' alleged injuries are derivative. Because the excessive fees and charges reduced the net asset value of the funds and, in turn, reduced the net asset per share value, the plaintiffs did not sustain an injury distinct from that suffered by the funds.

*Franklin Funds*, 388 F. Supp. 2d at 464.

To the extent the Court characterized the broker compensation practices as causing direct injuries, the Court conflated the losses to the fund attributable to the broker compensation practices with losses to the fund due to other reasons, e.g., poor market performance. After reviewing paragraphs 2, 4 and 108 of the Complaint, the paragraphs the Court relied upon when

---

[1] Defendants argue that the *Lord Abbett* opinion may be read as suggesting "that the redeemable nature of mutual fund securities transforms what would otherwise clearly be a derivative injury to a direct one." (Defs.' Mot. for Recons. at 3). As seen from the excerpt above, however, where the Court found the first two forms of injury to be derivative, interpreting the Court's Opinion as making that suggestion would be untenable. Further, in *Franklin Funds*, the Court rejected the argument that mutual funds have a "novel corporate structure" and should be treated differently than corporations. *See Franklin Funds*, 388 F. Supp. 2d at 462-64. Rather, the Court's discussion regarding "redeemable securities" was meant to illustrate how an injury to shareholders may be differentiated from an injury to a mutual fund. Factually, however, as explained below, that example is not applicable to this case.

reaching its conclusion, it is clear that they do not alleged that the broker compensation practices caused "new investors to join the Funds without any corresponding proportionate increase in Fund assets." *Lord Abbett*, 385 F. Supp. 2d at 482. Instead, they merely allege that the Defendants unjustifiably continued to charge excessive fees even though economies of scale were created as the number of investors in the Fund grew. (*See, e.g.,* Compl. ¶ 108). Accordingly, the Court erred when it found a fourth form of injury. Instead, after reconsideration of the allegations contained in the Complaint, the Court finds that the Complaint alleges only three forms of injury – loss due to "excessive fees," payment of advisory fees without any corresponding benefit, and "diminished marginal returns"[2] – and that they are all derivative. In short, the *Lord Abbett* opinion, as modified by this opinion, and the *Franklin Funds* opinion are now in consonance.

      The Court believes that the most efficient and effective means for modifying the Opinion, reported as 385 F. Supp. 2d 471, and Order issued on August 30, 2005, is to vacate and withdraw the Opinion and Order and issue an amended version of the Opinion and Order. The amended versions will not contain the discussion pertaining to the fourth form of injury and will grant Defendants' motion to dismiss Counts One, Two, Four, and Seven through Ten as being improperly pleaded as direct claims. Furthermore, the Court is aware that Plaintiffs filed an amended complaint subsequent to and based upon the previous *Lord Abbett* decision. Having withdrawn that decision, the Court will allow Plaintiffs to amend their complaint so that it comports with the amended versions of the Opinion and Order and the Opinion of the Court herein.

---

[2]*See Lord Abbett*, 385 F. Supp. 2d at 481.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' motion for reconsideration is **DENIED** on all points.  Furthermore, Defendants' motion for reconsideration of the Court's dismissal of the entire action is **DENIED**, but is **GRANTED** as to our holding that Plaintiffs' fourth alleged injury is direct.  An appropriate Order accompanies this Opinion.

**Dated:** December 28, 2005                                s/ William J. Martini
                                                                                **William J. Martini, U.S.D.J.**