**KIRKPATRICK & LOCKHART**
**NICHOLSON GRAHAM LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
Attorneys for Defendants Lord, Abbett & Co. LLC,
Lord Abbett Distributor LLC, Robert S. Dow,
and the individual defendants identified in the
Complaint as "The Partners"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re LORD ABBETT MUTUAL FUNDS FEE LITIGATION | DOCUMENT FILED ELECTRONICALLY<br><br>MASTER FILE: 04-cv-559 (WJM)<br><br>NOTICE OF MOTION FOR CLARIFICATION OF THE COURT'S DECEMBER 28, 2005 ORDER |

THIS DOCUMENT RELATES TO: ALL ACTIONS

**PLEASE TAKE NOTICE** that on February 27, 2006, or as soon thereafter as counsel may be heard, Kirkpatrick & Lockhart Nicholson Graham LLP, attorneys for Defendants Lord, Abbett & Co. LLC, Lord Abbett Distributor LLC, Robert S. Dow, and the individual defendants identified in the Consolidated Amended Complaint (the "Complaint") as "The Partners" (collectively, the "Lord Abbett Defendants"), will move before the Honorable William J. Martini, United States District Judge, at the Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey, for an Order requesting clarification of the Court's December 28 Order (the "Order") granting in part and denying in part defendants' motion for reconsideration. Defendants respectfully request that the Court clarify its

ruling in the Order concerning defendants' argument that, as suggested by language in Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 304, 305 (3d Cir. 2005), SLUSA preempts entire actions rather than claims. Specifically, defendants seek clarification as to whether the Court has (1) held only that the SLUSA argument is an insufficient basis for reconsideration pursuant to L. Civ. R. 7.1(i), or (2) considered and implicitly rejected the SLUSA argument on the merits.

If the latter is the correct characterization of the Order, defendants will respectfully request that the Court certify the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> When a complaint contains one or more claims preempted by the Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, 112 Stat. 3227 ("SLUSA"), codified in part at 15 U.S.C. §§ 77p(f)(3), 78bb(f)(5)(E), does the statute require the district court to dismiss the entire action as suggested in dicta in Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 304, 305 (3d Cir. 2005)?

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, the Lord Abbett Defendants will rely upon the accompanying memorandum of law, certificate of service, and Proposed Alternative Order 1 and Proposed Alternative Order 2.

/s/ Christopher A. Barbarisi________
CHRISTOPHER A. BARBARISI

Dated: 01/30/2006