Patrick L. Rocco (PR 8621)
**SHALOV STONE & BONNER LLP**
163 Madison Avenue
P.O. Box 1277
Morristown, New Jersey 07962-1277
(973) 775-8997

*Liaison Counsel for Plaintiffs*

Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re LORD ABBETT MUTUAL FUNDS FEE LITIGATION | Document Filed Electronically |
| | MASTER FILE: 04-cv-559 (WJM) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION REQUESTING AN ORDER CLARIFYING WHETHER THE COURT HAS DETERMINED THE MERITS OF DEFENDANTS' ARGUMENT THAT SLUSA PREEMPTS ENTIRE ACTIONS RATHER THAN CLAIMS, AND PLAINTIFFS' OPPOSITION TO CERTIFYING THIS QUESTION FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. THERE IS NO BASIS FOR DEFENDANTS TO SEEK CLARIFICATION HERE BECAUSE THERE IS NOTHING UNCLEAR ABOUT THIS COURT'S ORDERS REJECTING DEFENDANTS' SLUSA ENTIRE PREEMPTION ARGUMENT AND PERMITTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT CONTAINING THEIR PROPERLY FILED FEDERAL CLAIMS .......... 3

II. DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL SHOULD BE DENIED BECAUSE THEY CANNOT MEET THE THREE PART CONJUNCTIVE TEST .......... 6

A. There Are No Substantial Grounds For A Difference Of Opinion .......... 6

B. The "Controlling Question of Law" and "Advance Termination of the Litigation" Requirements Do Not Support An Interlocutory Appeal Here .......... 14

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Burns v. Lavender Hill Herb Farm*,
2005 U.S. Dist. LEXIS 3449 (E.D. Pa. Mar. 2, 2005) ........ 7

*Carducci v. Aetna U.S. Healthcare*,
2002 U.S. Dist. LEXIS 19748 (D.N.J. July 24, 2002) ........ 8

*Children First Foundation, Inc. v. Legreide*,
2005 U.S. Dist. LEXIS 28703 (D.N.J. Nov. 17, 2005) ........ 7

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
395 F.3d 25 (2d Cir. 2005) ........ 9

*In re Dreyfus Mutual Funds Fee Litigation*,
2005 U.S. Dist. LEXIS 29152 (W.D. Pa. Sept. 30, 2005) ........ 9

*Falkowski v. Imation Corp.*,
309 F.3d 1123 (9th Cir. 2002) ........ 8

*Fox v. Horn*,
2000 U.S. Dist. LEXIS 3106 (E.D. Pa. Mar. 10, 2000) ........ 6

*In re Franklin Mutual Funds Fee Litigation*,
388 F. Supp. 2d 451 (D.N.J. 2005) ........ 9

*G-I Holdings v. Bennet (In re G-I Holdings)*,
2005 U.S. Dist. LEXIS 31887 (D.N.J. Dec. 7, 2005) ........ 15

*Gavin v. AT&T Corp.*,
2003 U.S. Dist. LEXIS 21552 (N.D. Ill. Nov. 26, 2003) ........ 9

*Gray v. Seaboard Sec., Inc.*,
2005 U.S. App. LEXIS 4098 (2d Cir. Mar. 9, 2005) ........ 8

*Kapossy v. McGraw-Hill, Inc.*,
942 F. Supp. 996 (D.N.J. 1996) ........ 7

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ........ 15

*Koons Buick Pontiac GMC, Inc. v. Nigh*,
543 U.S. 50 (2004) ........ 11

*In re Lord Abbett Mutual Funds Fee Litigation*,
2005 U.S. Dist. LEXIS 37492 (D.N.J. Dec. 28, 2005) ........ 4

*In re Lord Abbett Mutual Funds Fee Litigation*
2005 U.S. Dist LEXIS 37541 (D.N.J. Dec. 28, 2005) ........................................ 3, 5

*In re Lord Abbett Mutual Funds Fee Litigation*,
385 F. Supp. 2d 471 (D.N.J. 2005)........................................................................ 3

*Milbert v. Bison Laboratories, Inc.*,
260 F.2d 431 (3d Cir. 1958)................................................................................. 6

*Milwaukee v. Illinois*,
451 U.S. 304 (1980) ............................................................................................. 8

*In re Mutual Funds Investment Litigation*,
384 F. Supp. 2d 845 (D. Md. 2005) ..................................................................... 9

*Nebel v. Avichal Enterprises, Inc.*,
125 F.R.D. 415 (D.N.J. 1989) .............................................................................. 6

*P. Schoenfeld Asset Management LLC v. Cendant Corp.*,
161 F. Supp. 2d 355 (D.N.J. 2001)...................................................................... 14

*Ray v. Citigroup Global Markets, Inc.*,
2003 U.S. Dist. LEXIS 20966 (N.D. Ill. Nov. 20, 2003)........................................ 9

*Rowinski v. Salomon Smith Barney Inc.*,
398 F.3d 294 (3d Cir. 2005)......................................................................... 1, 2, 4, 11

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
332 F.3d 116 (2d Cir. 2003)................................................................................ 11

*Stark v. Ind. Sch. District No. 640*,
163 F.R.D. 557 (D. Minn. 1995)......................................................................... 13

*United States v. Nippon Paper Industrial Co.*,
109 F.3d 1 (1st Cir. 1997) ................................................................................... 11

*Wyndham Associate v. Bintliff*,
398 F.2d 614 (2d Cir. 1968)................................................................................ 13

**FEDERAL STATUTES**

28 U.S.C. § 1292(b)......................................................................................... 1, 5, 6, 14

Private Securities Litigation Reform Act,
Pub. L. 104-67, 109 Stat. 737 (1995) .................................................................. 11

Securities Litigation Uniform Standards Act,
15 U.S.C. § 78bb(f), 15 U.S.C. § 77p ........................................................... 1, 7. 11

## MISCELLANEOUS

4 Moore's Federal Practice (Matthew Bender 3d ed.) .......... 13

19 Moore's Federal Practice (Matthew Bender 3d ed.) .......... 6

Plaintiffs hereby oppose Defendants' motion for an order clarifying whether the Court has determined the merits of Defendants' argument that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f) ("SLUSA"),[1] preempts entire actions rather than claims. Plaintiffs also hereby oppose Defendants' motion to certify this question for appeal pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

Defendants purport first to seek "clarification" as to whether the Court has answered the question of whether SLUSA preempts Plaintiffs' properly filed federal statutory claims given that the Court held that Plaintiffs' state law claims were preempted by SLUSA. However, the Court has already issued an order holding that SLUSA did not require dismissal of Plaintiffs' purely federal claims and, in fact, granted Plaintiffs leave to replead those claims. As such, there is no need for "clarification."

Moreover, Defendants' motion for interlocutory appeal of this issue must be denied because they have failed to meet the stringent tripartite test under §1292(b). Defendants would have this Court certify the following question for interlocutory appeal:

> When a complaint contains one or more claims preempted by [SLUSA], does the statute require the district court to dismiss the entire action as suggested in *dicta* in *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 304, 305 (3d Cir. 2005)?

Def. Br. at 4. One of the three conjunctive tests for interlocutory appeal is that there must be "substantial ground for difference of opinion" regarding the question. Defendants have not presented any authority whatsoever disagreeing with this Court's ruling that Plaintiffs' federal

---

[1] SLUSA's amendments to Section 16 of the Securities Act of 1933, 15 U.S.C. § 77p, and Section 28(f) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78bb(f), are nearly identical. For ease of reference, Plaintiffs hereafter cite only to the Exchange Act amendment, 15 U.S.C. § 78bb(f).

claims would not be dismissed under SLUSA and that Plaintiffs could proceed with amending these federal statutory claims. In fact, the only courts to rule on the issue have held to the contrary. As such, there is *no* difference of opinion whatsoever, let alone a substantial one. That is because SLUSA was meant to prevent litigants from filing state law class actions alleging securities fraud to get around the requirements of the federal securities laws implemented by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Here, no such concern is implicated: Plaintiffs' federal claims are filed in federal court, where they should be. Defendants do not and cannot contend otherwise. As Defendants readily concede, the only case on which they rely, *Rowinski*, 398 F.3d at 304, 305, did not address this issue. Indeed, *Rowinski* supports Plaintiffs' interpretation of SLUSA because it was a case alleging only state law claims. As this Court has held, the *dicta* in *Rowinski* does not rise to the level of "controlling authority" on this issue and, in any event, is inapposite.

Moreover, under Fed. R. Civ. P. 21, this Court properly exercised its discretion in severing Plaintiffs' properly filed federal statutory claims from the state law claims to allow the former to proceed in order to foster judicial economy and protect Plaintiffs from the very injustice Defendants now seek -- a punitive dismissal of properly filed federal claims simply because the Court has now ruled that the state law claims were preempted under SLUSA. This discretion further belies Defendants' contention that they have met their heavy burden to show a substantial ground for difference of opinion on the issue they have presented for certification.

Defendants' motion for clarification as to whether this action has been entirely preempted by SLUSA, and for interlocutory appeal of this issue, should therefore be denied.

## ARGUMENT

### I. THERE IS NO BASIS FOR DEFENDANTS TO SEEK CLARIFICATION HERE BECAUSE THERE IS NOTHING UNCLEAR ABOUT THIS COURT'S ORDERS REJECTING DEFENDANTS' SLUSA ENTIRE PREEMPTION ARGUMENT AND PERMITTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT CONTAINING THEIR PROPERLY FILED FEDERAL CLAIMS

As Defendants well know, this Court has already ruled that SLUSA does not preempt this entire action. This Court's August 30, 2005 and December 28, 2005 Opinions and Orders dismissed Plaintiffs' supplemental state law claims based on SLUSA preemption but allowed Plaintiffs to file a Second Amended Complaint asserting only federal claims under Investment Company Act ("ICA") §§ 36(b) and 48(a), expressly rejecting the position Defendants advance here yet again. Therefore, no clarification of this issue is necessary.

By Opinion and Order dated August 30, 2005, this Court dismissed in part Plaintiffs' Consolidated Amended Class Action Complaint (the "Amended Complaint"). *See In re Lord Abbett Mut. Funds Fee Litig.*, 385 F. Supp. 2d 471, *vacated by*, 2005 U.S. Dist. LEXIS 37541 (D.N.J. Dec. 28, 2005), *amended by*, 2005 U.S. Dist. LEXIS 37492 (D.N.J. Dec. 28, 2005). The Amended Complaint asserted federal claims under ICA §§ 34(b), 36(a) and 48(a), and Investment Advisers Act §§ 206 and 215; as well as supplemental state claims for unjust enrichment and alleged breaches of fiduciary duties. The Court dismissed the supplemental state claims on the ground that they were preempted by SLUSA. 385 F. Supp. 2d at 485. In its Opinion, however, the Court expressly provided for Plaintiffs to file, and Plaintiffs subsequently filed on September 29, 2005, a Second Amended Derivative Complaint (the "Second Amended Complaint"), alleging only federal claims under ICA §§ 36(b) and 48(a).[2]

[2] *See* 385 F. Supp. 2d at 491 ("Plaintiffs may file an amended Complaint within thirty (30) days of the date of this Order consistent with the accompanying Opinion.").

On September 14, 2005, Defendants filed a motion for reconsideration of the Court's August 30, 2005 Opinion, arguing, *inter alia*, that because this Court had found one or more claims to be preempted by SLUSA, the entire action should be dismissed. Def. Mot. for Reconsider. at 1-2 (citing *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304-05 (3d Cir. 2005)). As in the instant motion, Defendants relied upon the *Rowinski* decision, wherein the Third Circuit found that the plaintiff's state law claims met the requirements for SLUSA preemption and stated:

> Under the statutory language, inclusion of these preempted claims within the putative class compels dismissal of the *entire action*. 15 U.S.C. § 78bb(f)(1) (requiring dismissal of any covered "action" alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security").

398 F.3d at 304 (emphasis added). Defendants additionally rely upon, and have previously relied upon, the following language from *Rowinski*:

> [SLUSA] does not preempt particular "claims" or "counts" but rather preempts "actions," *suggesting* that if any claims alleged in a covered class action are preempted, the *entire action* must be dismissed.

*Id.* at 305 (emphasis added). As Defendants concede, this language from *Rowinski* is *dicta*, because the Third Circuit did not decide whether SLUSA preempts claims or entire actions, stating in the next sentence following this last quote that, "*we need not decide whether a count-by-count analysis is appropriate in this case*, because plaintiff has incorporated every allegation into every count in his complaint." *Id.* (emphasis added).

In fact, this Court so held in its December 28, 2005 Opinion denying that portion of Defendants' motion for reconsideration arguing for complete dismissal of this action under SLUSA, stating, "[w]hile this quote might suggest that dismissal of a claim under SLUSA mandates dismissal of an entire action, the Third Circuit expressly reserved decision on this

issue." 2005 U.S. Dist. LEXIS 37541, at *13; *see* Def. Br. at 3 (discussing that this Court has held such *dicta* to be "an insufficient basis for reconsideration"). As such, "*Rowinski* does not constitute a 'controlling decision[]' that the Court 'overlooked.'" *See Lord Abbett*, 2005 U.S. Dist. LEXIS 37541, at *13 (citing D.N.J. Civ. R. 7.1(i)).[3]

On December 28, 2005, this Court also amended its August 30, 2005 Opinion in accordance with its rulings on the motions for reconsideration. The amended opinion, however, again preserved Plaintiffs' ability to file an amended complaint. *See Lord Abbett*, 2005 U.S. Dist. LEXIS 37492, at *54 ("Plaintiffs may file an Amended Complaint within thirty (30) days of the date of this Order consistent with the accompanying Amended Opinion and this Court's Opinion Granting in Part and Denying in Part Defendants' Motion for Reconsideration.").

Given the foregoing clear Orders of the Court, it is difficult to imagine any "clarification" that could be necessary here. The Court plainly ruled against Defendants' position here and granted Plaintiffs the ability the file an amended complaint containing federal statutory causes of action. Defendants' motion for clarification as to whether this Court has decided the merits of their argument that SLUSA should preempt this entire action should therefore be denied. Moreover, as demonstrated below, because Defendants do not and cannot meet the stringent requirements under § 1292(b), this Court should deny Defendants' motion for certification of this issue for interlocutory appeal.

---

[3] Defendants' motion for reconsideration argued that this Court "*overlooked* the plain and controlling language of SLUSA as interpreted in [*Rowinski*]" (Def. Br. in Suppt. of Mot. for Reconsider. at 1) but, as Plaintiffs argued in opposition to the motion for reconsideration, this Court's August 30, 2005 Opinion devoted five pages to a discussion of *Rowinski*. Pltffs' Opp. to Defts.' Mot. for Reconsider. at 3.

## II. DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL SHOULD BE DENIED BECAUSE THEY CANNOT MEET THE THREE PART CONJUNCTIVE TEST

Under 28 U.S.C. § 1292(b), a district judge may certify for interlocutory appeal an order that is not otherwise appealable if the district judge finds that it "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). All three prongs of this test must be met before a court certifies an issue for interlocutory appeal. *See id.*; *see also* 19 Moore's Federal Practice, § 203.31(1) (Matthew Bender 3d ed.).

It is "quite apparent" from the legislative history that "Congress intended that section 1292(b) should be sparingly applied" and "used only in exceptional cases." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). Defendants "bear[] the burden of showing … that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'"[4] *Fox v. Horn*, 2000 U.S. Dist. LEXIS 3106, at *4 (E.D. Pa. 2000). Defendants have failed to meet their heavy burden.

### A. There Are No Substantial Grounds For A Difference Of Opinion

Defendants fail to carry their burden as to the second prong of § 1292(b), which requires proof that "there is substantial ground for a difference of opinion" regarding a disputed question of law. 28 U.S.C. § 1292(b). Under this requirement, "[t]he defendants must show more than

[4] The longstanding federal policy against piecemeal appeals is hardly open to question. For example, in fiscal year 1981, of the 28,362 appeals taken to the various circuit courts, district court judges from across the United States only certified approximately 100 cases under § 1292(b). Of those 100 cases, only half were accepted for review by the circuit courts. *See Nebel v. Avichal Enters., Inc.*, 125 F.R.D. 415, 418 (D.N.J. 1989).

mere disagreement with the Court's ruling to satisfy their burden of showing that there is a substantial ground for difference of opinion." *Children First Found., Inc. v. Legreide*, 2005 U.S. Dist. LEXIS 28703, at *25 (D.N.J. 2005). "The 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *Id.* (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996)). "[D]isagreement with the Court's logic, without … contrary authority, does not create a legally sufficient difference of opinion." *Burns v. Lavender Hill Herb Farm*, 2005 U.S. Dist. LEXIS 3449, at *8 (E.D. Pa. Mar. 2, 2005).

Here, Defendants fail to cite a single case -- because none exists -- in which any court has disagreed with this Court's ruling allowing Plaintiffs to proceed with their properly filed federal statutory claims in federal court notwithstanding the dismissal of supplemental state law claims on SLUSA grounds. Instead, Defendants rely exclusively on inapplicable *dicta* from *Rowinski*, the facts of which are entirely different from the situation here. In fact, Plaintiffs are not aware of any court that has ever held that Defendants' interpretation of SLUSA is correct. To be sure, as shown below, numerous courts have held the opposite -- *i.e.*, that SLUSA preemption should be examined on a count-by-count basis, and that if SLUSA preempts state claims in an action that also raises federal claims, those viable federal claims survive. Moreover, even Defendants do not and cannot dispute that federal claims, such as Plaintiffs' claims arising under ICA §§ 36(b) and 48(a), cannot be preempted by SLUSA because they do not meet SLUSA's requirement that they be "*based upon the statutory or common law of any State*." SLUSA, 15 U.S.C. § 78bb(f)(1) (emphasis added). Accordingly, there are no grounds for a difference of opinion on this issue. Because Defendants cannot meet at least one prong of the tripartite conjunctive test, the Court's analysis can end there and Defendants' motion for interlocutory appeal must be denied.

**1. No Court Has Held That SLUSA Preempts Properly Filed Federal Statutory Claims In Federal Court**

Defendants argue that there is substantial ground for a difference of opinion on their SLUSA entire preemption argument. However, they do not cite any case in which a court dismissed an entire action asserting both state claims and otherwise valid *federal statutory claims* on the basis of SLUSA. As Defendants concede, the court in *Rowinski* (the only case they do cite) did not decide whether an entire action should be dismissed because a claim is preempted by SLUSA.[5] Nor has *Rowinski* or any other court held that an entire action must be dismissed where, as here, some of the claims are federal claims and clearly not affected by SLUSA. In fact, other courts that have addressed this issue have found the opposite to be true.

The Second Circuit recently stated that "the presence of one or more preempted claims in a complaint [does not] *ipso facto* require[] dismissal of the entire action under SLUSA." *Gray v. Seaboard Sec., Inc.*, 2005 U.S. App. LEXIS 4098, at *2-3 (2d Cir. Mar. 9, 2005). Rather, a "claim-by-claim analysis" is appropriate. *Id.* at *3. As explained in *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*:

> The[] provisions [of SLUSA] might be read to suggest that where a single complaint contains claims that include allegations triggering preemption and other claims that do not, SLUSA prohibits maintenance of the entire action. On this reading, SLUSA would effectively preempt any state law claim conjoined in a given case with a securities fraud claim, whatever its nature. We assume, however, that the historic police powers of the states are not preempted unless it was Congress's "clear and manifest purpose" to do so. [*Milwaukee v. Ill.*, 451 U.S. 304, 316 (1980)] (internal quotation omitted). Thus we decline to read SLUSA as such an imprecise instrument. *See, e.g.,* [*Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131-32 (9th Cir. 2002)] (affirming dismissal of preempted fraud claims but permitting maintenance of remaining

---

[5] "That an issue is one of first impression in a circuit or that other circuits disagree is not necessarily sufficient to fulfill [the 'difference of opinion'] requirement." *Carducci v. Aetna U.S. Healthcare*, 2002 U.S. Dist. LEXIS 19748, at *5 (D.N.J. 2002).

> contract claims). As we have already noted, SLUSA's language and legislative history indicate no intent to preempt categories of state action that do not represent "federal flight" litigation. We therefore reverse so much of the district court's order as dismissed the lost commissions claim and remand it for further proceedings.

395 F.3d 25, 47 (2d Cir. 2005).

The Second Circuit has thus recognized that it makes no sense to construe SLUSA to require dismissal of an entire action if the complaint clearly contains properly-filed federal claims, as is the situation here. Other courts have agreed. *See, e.g., In re Dreyfus Mut. Funds Fee Litig.*, 2005 U.S. Dist. LEXIS 29152, at *28, *46 (W.D. Pa. Sept. 30, 2005) (dismissing state claims under SLUSA and upholding ICA §§ 36(b) and 48(a) claims); *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 468 (D.N.J. 2005) (dismissing state claims and granting plaintiffs leave to amend § 36(b) claim to plead it derivatively) (Martini, J.);[6] *In re Mut. Funds Inv. Litig.*, 384 F. Supp. 2d 845, 868, 872 (D. Md. 2005) (dismissing state claims under SLUSA and upholding § 36(b) claim); *Ray v. Citigroup Global Mkts., Inc.*, 2003 U.S. Dist. LEXIS 20966, at *1 (N.D. Ill. Nov. 20, 2003) (dismissing state law claims pursuant to SLUSA, but upholding federal claims); *Gavin v. AT&T Corp.*, 2003 U.S. Dist. LEXIS 21552 (N.D. Ill. Nov. 26, 2003) (same).

---

[6] Defendants argue that the issue presented here is also a "controlling question in a number of other cases in this Circuit … and elsewhere because plaintiffs have filed numerous substantially similar complaints against mutual fund families across the country," which thus argues in favor of certification. Def. Br. at 4 (citing *Dreyfus*, 2005 U.S. Dist. LEXIS 29152; and *Franklin*, 388 F. Supp. 2d 451). First, the fact that there may be similar mutual fund cases around the country is meaningless to the issue of interlocutory appeal and does not help Defendants meet their burden of showing a substantial ground for a difference of opinion on the issue for which they seek certification. Second, the holdings in *Dreyfus* and *Franklin* (by this Court) in fact undermine Defendants' argument that there is a difference of opinion on the issue presented here because, although both opinions dismissed the plaintiffs' state claims under SLUSA, they permitted the plaintiffs' federal ICA claims to go forward. These cases thus fully support Plaintiffs' position.

The legislative history confirms this point. SLUSA's legislative history states that it was enacted "in order to prevent certain *State* private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995" because, following enactment of the PSLRA, "a number of securities class action lawsuits [had] shifted from Federal to State courts." SLUSA, § 2, 105 P.L. 353 (emphasis added).

Putting aside the obvious point that it would be grossly unfair to dismiss properly filed federal statutory claims in federal court simply because of the presence of state claims which turned out to be preempted by SLUSA following the Court's ruling on the motions to dismiss (which Plaintiffs could not have known would be the situation at the outset), it would be punitive in nature -- a result that could not have been intended by Congress. That is, under Defendants' reading of SLUSA, even though Plaintiffs properly filed federal statutory claims in federal court, they should be punished by having those claims dismissed because the Court subsequently ruled against them on an issue of law regarding the applicability of SLUSA. Given the legislative history of SLUSA and courts' interpretation of the statute, which make it clear that SLUSA was intended to prevent state law claims from being used to get around the PSLRA (and not to dismiss on a technicality concededly properly filed federal claims in federal court), Defendants' erroneous interpretation of SLUSA cannot and should not be given any credence.

### 2. SLUSA Only Preempts State Claims, Not Valid Federal Claims

SLUSA provides, in relevant part:

> *Class action limitations.* No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging -- (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1) (emphasis added).

Congress passed SLUSA to preempt actions filed under *state law* to evade the heightened pleading standards of the PSLRA. As explained by the Second Circuit:

> SLUSA was enacted in 1998 in response to a demonstrably unavailing attempt by Congress, through the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737 (1995), to "prevent strike suits," described as "meritless class actions that allege fraud in the sale of securities." ...
>
> Driving enactment of SLUSA was Congress' finding that litigants eluded PSLRA's reach with relative ease. Confronted with more onerous procedural requirements and dimmed prospects of success under the PSLRA, litigants simply abandoned use of federal court and filed suit in *state court under state securities laws*. PSLRA's objectives went largely unrealized due to this "federal flight" loophole. SLUSA was enacted to close the loophole by mandating federal court as "the exclusive venue for class actions alleging fraud in the sale of certain covered securities and by mandating that such class actions be governed *exclusively by federal law*."

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-23 (2d Cir. 2003) (citations omitted; emphasis added). SLUSA was thus aimed at preventing evasion of the PSLRA's requirements through the filing of state law securities fraud suits. This policy is wholly inapplicable to Plaintiffs' remaining viable federal claims.

It is thus axiomatic that SLUSA only preempts securities fraud class actions that are "based upon the statutory or common law of any State."[7] SLUSA, 15 U.S.C. § 78bb(f)(1). As the Third Circuit stated in *Rowinski*, "[SLUSA] provides for the removal and federal preemption of certain *state court class actions* alleging 'a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security.'" 398 F.3d at 296 (quoting SLUSA)

---

[7] It is a well-established principle of statutory construction that the court should give a reasonable interpretation to a statute. *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 65-66 (2004) ("Common sense is often more reliable than rote repetition of canons of statutory construction"); *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 4 (1st Cir. 1997) (describing common sense as a good barometer of statutory meaning).

(emphasis added). The Third Circuit additionally stated that SLUSA confers "federal removal jurisdiction over a unique class of *state law claims*." *Id.* at 298 (emphasis added).

Defendants' reliance on (even the *dicta* in) *Rowinski* is misplaced. *Rowinski* was an entirely state law class action and is distinguishable from the instant action which asserts valid federal claims. Thus, not only is the language relied upon by Defendants *dicta*, but even if such language were not *dicta*, *Rowinski* would still not be controlling here. The *Rowinski* plaintiff had sued Salomon Smith Barney in a putative class action in Pennsylvania state court for common law breach of contract, unjust enrichment, and violation of state consumer protection statutes, alleging that Salomon Smith Barney had provided "biased investment research and analysis" to the putative class. *Id.* at 296. The plaintiff did not allege any claim arising under a federal statute. *Id.* As the Third Circuit stated, "the central issue on appeal [was] whether [the] plaintiff's *state law complaint* alleges a material misrepresentation or omission in connection with the purchase or sale of a covered security" under SLUSA. *Id.* at 299 (emphasis added).

The instant action is not a class action based entirely "upon the statutory or common law of any State." Until this Court decided Defendants' motions to dismiss, this action was based upon state common law and federal statutory law. After this Court decided Defendants' motions to dismiss and Plaintiffs filed the Second Amended Complaint only asserting claims under ICA §§ 36(b) and 48(a), this action became a purely federal action. Defendants do not discuss this clear and dispositive distinction between the instant action and *Rowinski*, although Plaintiffs have already brought it to Defendants' attention. *See* Pltffs' Opp. to Defts.' Mot. for Reconsider. at 3-4. Defendants also do not discuss that SLUSA is aimed at preempting state claims, and not federal ones. In fact, as demonstrated below, this Court had discretion under the Federal Rules

of Civil Procedure to sever Plaintiffs' federal claims to prevent the very injustice that Defendants seek.

### 3. This Court Had Discretion Under Fed. R. Civ. P. 21 To Sever The Federal Claims From The State Claims To Avoid The Potential Of Any Dismissal Under SLUSA

Fed. R. Civ. P. 21 states that, "[a]ny claim against a party may be severed and proceeded with separately." Despite the title of Rule 21, "Misjoinder and Non-joinder of Parties," the courts "agree that the Rule may apply even in the absence of misjoinder or non-joinder." 4 Moore's Federal Practice, § 21.05 (Matthew Bender 3d ed.); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("[Fed. R. Civ. P. 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."). A trial court "has great discretion to restructure an action to promote the efficient administration of justice" and "Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it." 4 Moore's Federal Practice, § 21.05; *see also Stark v. Ind. Sch. Dist. No. 640*, 163 F.R.D. 557, 564 (D. Minn. 1995) (there is an "unarticulated premise that the underlying purpose of Rules 19, 20 and 21 is to allow the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while protecting parties against prejudice"), *remanded for dismissal on different grounds by*, 123 F.3d 1068 (8th Cir. 1997). In this regard, the court may "order severance of claims to avoid dismissing an action due to limitations on its personal jurisdiction, subject matter jurisdiction, or venue." 4 Moore's Federal Practice at § 21.02[1].

Under Rule 21, this Court was well within its discretion to sever the properly filed federal statutory claims from the state claims to let the former proceed in order to "foster judicial

efficiency, while protecting parties against prejudice."[8] This discretion further belies Defendants' contention that they have met their heavy burden to show "substantial ground for difference of opinion" on the issue they have presented for certification. *See* 28 U.S.C. § 1292(b). Because Defendants have failed to meet the first prong of the test, the inquiry thus can stop here, and Defendants' motion for certification of an interlocutory appeal should be denied.

**B. The "Controlling Question of Law" and "Advance Termination of the Litigation" Requirements Do Not Support An Interlocutory Appeal Here**

The first and third prongs examine whether the proposed interlocutory appeal "involves a controlling question of law" and whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). Defendants argue that, "*if defendants' view of the law is correct*, the action must be dismissed in its entirety," and that the first and third prongs of the 1292(b) test are therefore met. Def. Br. at 2-4 (emphasis added). However, on a motion to dismiss where a court dismisses some but not all of the claims, this prong would always, by definition, be met because if the court had decided in the defendant's favor on the motion to dismiss, the case would be terminated. Accordingly, in this circumstance, the argument advanced by Defendants is commonly called a "manufactured" controlling question because it represents only Defendants' disagreement with the outcome on their motions to dismiss. *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 359

---

[8] As noted above, one of the purposes of Rule 21 is to promote efficiency. Defendants' position regarding SLUSA would actually promote inefficiency. That is because if Defendants were correct that properly filed federal statutory claims could be dismissed under SLUSA along with state law claims, then in order to avoid such dismissal, a plaintiff would be forced to file separate lawsuits for one federal claim plus all state claims on the one hand, and all remaining federal claims on the other hand, even though, as here, all claims arose out of the same facts and circumstances. Not only would this needlessly proliferate the cases, but Defendants would undoubtedly file a motion to consolidate them. Rule 21 allows the Court the discretion to sever the claims under circumstances such as these to avoid the need for such multiple filings and to prevent the injustice Defendants advocate here.

(D.N.J. 2001). Such disagreement does not satisfy the test for interlocutory appeal. As such, the second prong of the tripartite test should be controlling here. As demonstrated above, however, that prong has not and cannot be met.[9]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion for clarification and to certify an order for interlocutory appeal on the issue of whether SLUSA entirely preempts this action.

Dated: February 28, 2006

SHALOV STONE & BONNER LLP

By: /s/ Patrick L. Rocco
Patrick L. Rocco
163 Madison Avenue, P.O. Box 1277
Morristown, New Jersey 07962-1277
(973) 775-8997

***Liaison Counsel for Plaintiffs***

MILBERG WEISS BERSHAD
& SCHULMAN LLP
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

***Lead Counsel for Plaintiffs***

---

[9] The Third Circuit has held that a controlling question of law "must encompass at the very least, every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). A matter is also controlling if it is "serious to the conduct of the litigation, either practically or legally." *Id.* Additionally, "on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." *Id.*; *see also G-I Holdings v. Bennet (In re G-I Holdings)*, 2005 U.S. Dist. LEXIS 31887, at *9 (D.N.J. 2005). Here, Plaintiffs find it inconceivable that whether Plaintiffs may bring a federal statutory claim in federal court is a "controlling question of law." Defendants do not dispute that Plaintiffs' federal claims, standing alone, are properly filed.