UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**DOCUMENT FILED ELECTRONICALLY**

_____
IN RE LORD ABBETT MUTUAL FUNDS FEE   )
LITIGATION                            )
                                      )
                                      )    MASTER FILE: 04-CV-0559 (WJM)
                                      )
                                      )
_____)

**MEMORANDUM IN SUPPORT OF LORD ABBETT DEFENDANTS'
MOTION FOR DISMISSAL OF THE ACTION PURSUANT TO SLUSA**

        Jeffrey B. Maletta
        Nicholas G. Terris
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        1601 K Street, N.W.
        Washington, DC  20006-1600
        (202) 778-9000

        Christopher A. Barbarisi (CB 8716)
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        One Newark Center, Tenth Floor
        Newark, NJ  07102
        (973) 848-4000

        *Counsel for Defendants Lord, Abbett &
        Co. LLC, Lord Abbett Distributor LLC,
        Robert S. Dow, and the Individual
        Defendants Identified in the Consolidated
        Amended Class Action Complaint as "The
        Partners"*

Dated:  May 3, 2006

# TABLE OF CONTENTS

                                                                 Page

BACKGROUND ................................................................................................................ 1

ARGUMENT .................................................................................................................... 1

CONCLUSION ................................................................................................................. 7

i

## TABLE OF AUTHORITIES

### FEDERAL CASES
Page

Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y, 406 F.3d 867, 874-75 (7th Cir. 2005) .................................................................................................... 2

Brogan v. United States, 522 U.S. 398, 403 (1998) ....................................................................... 6

Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 188 (1994) ................. 6

Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 166 (1997) ........................................................ 4

City of Milwaukee v. Illinois, 451 U.S. 304, 316 (1981) ............................................................... 4

Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25 (2d Cir. 2005) ............................................................................................................... passim

Dillon v. Miss. Military Dep't, 23 F.3d 915, 918-19 (5th Cir. 1994) ............................................. 4

Goldstein v. Johnson & Johnson, No. 96-CV-5643, 2000 WL 33582646, at *9 (D.N.J. Feb. 14, 2000) ............................................................................................................ 2

Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406 (3d Cir. 2004) ........................... 6

In re Lord Abbett Mut. Funds Fee Litig., 407 F. Supp. 2d 616, 626-29 (D.N.J. 2005) ................. 1

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503 (2006) ..................... passim

O'Connor v. Donaldson, 422 U.S. 563, 577 n.12 (1975) ............................................................... 5

Pearce v. Barry Sable Diamonds, 912 F. Supp. 149, 157-58 (E.D. Pa. 1996) ............................... 3

Pharmadyne Laboratories, Inc. v. Kennedy, 466 F. Supp. 100, 103 (D.N.J. 1979) ....................... 2

Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005) ............................... passim

Spring Garden Associates, L.P. v. Resolution Trust Corp., 26 F.3d 412, 415-16 (3d Cir. 1994) ................................................................................................................... 3

Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986) ................................. 6

## STATUTES

15 U.S.C. § 77p(f)(3) ............................................................................................................... 1

15 U.S.C. § 78bb .................................................................................................................. 1, 2

28 U.S.C. § 1292(b) ................................................................................................................. 3

28 U.S.C. § 2679 ...................................................................................................................... 4

The Lord Abbett defendants respectfully submit this Memorandum of Law in Support of their Motion for Dismissal of the Action.

## BACKGROUND

The Court has previously held that the Consolidated Amended Class Action Complaint in this action included allegations resulting in preemption under the Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, 112 Stat. 3227 ("SLUSA"), codified in part at 15 U.S.C. §§ 77p(f)(3), 78bb(f)(5)(E).  See In re Lord Abbett Mut. Funds Fee Litig., 407 F. Supp. 2d 616, 626-29 (D.N.J. 2005).  The Court's holding in this regard is fully consonant with the Supreme Court's recent opinion in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503 (2006).  The Supreme Court in that opinion vacated the Second Circuit's judgment in Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25 (2d Cir. 2005) and held that a so-called "holders claim" in a class action complaint (a securities fraud claim by a plaintiff for damages resulting from the holding of securities, such as those that plaintiffs attempted to assert in this case) satisfies the "in connection with" element of SLUSA.

By order dated April 19, 2006, the Court authorized defendants to file a motion addressing whether SLUSA requires that the action be dismissed in its entirety.

## ARGUMENT

As both plaintiffs and defendants have acknowledged in their prior correspondence to the Court,[1] the Supreme Court's recent opinion in Dabit does not directly address the question

---

[1]   See Letter from Jerome M. Congress to Honorable William J. Martini, U.S.D.J. (Mar. 30, 2006) at 1; Letter from Christopher A. Barbarisi to Honorable William J. Martini, U.S.D.J. (Mar. 27, 2006) at 2.  The Supreme Court's opinion expressly indicates that it did not resolve or even directly address the legal issue underlying this Motion; its sole holding was as stated in the text.  See Dabit, 126 S. Ct. at 1512 ("The only disputed issue is whether the alleged wrongdoing was 'in connection with the purchase or sale' of securities."); id. at 1514 (Court "conclud[ed] that

whether SLUSA preempts entire actions. Defendants submit, however, that an affirmative answer is clearly compelled by the relevant statutory language, the considered dicta in the Third Circuit's recent published opinion addressing SLUSA, Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 304 (3d Cir. 2005), and the Supreme Court's rejection of the premises underlying the Second Circuit's contrary conclusion in Dabit.

The Third Circuit has recognized that the statutory language of SLUSA requires that, where as here a complaint contains one or more SLUSA-preempted claims, the entire action must be dismissed:

> Under the statutory language, inclusion of these preempted claims within the putative class compels dismissal of the entire action. 15 U.S.C. § 78bb(f)(1) (requiring dismissal of any covered "action" alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security").

Rowinski, 398 F.3d at 304. Stated another way:

> [SLUSA] does not preempt particular "claims" or "counts" but rather preempts "actions," 15 U.S.C. § 78bb(f)(1), suggesting that if any claims alleged in a covered class action are preempted, the entire action must be dismissed.

Id. at 305.[2] Although technically dicta, these pronouncements by the Court of Appeals for this Circuit are entitled to great weight. See, e.g., Pharmadyne Laboratories, Inc. v. Kennedy, 466 F. Supp. 100, 103 (D.N.J. 1979) (considered dictum of the Court of Appeals "is entitled to the greatest respect and is to be given considerable weight"); Goldstein v. Johnson & Johnson, No.

---

SLUSA pre-empts state-law holder class action claims of the kind alleged in [plaintiff's] complaint"); id. at 1515 ("The misconduct of which respondent complains here--fraudulent manipulation of stock prices--unquestionably qualifies as fraud 'in connection with the purchase or sale' of securities ….") (citations omitted).

[2]     Dismissal of the entire action ends the litigation. See Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y, 406 F.3d 867, 874-75 (7th Cir. 2005) ("[U]nlike the dismissal of the complaint, which can ordinarily be amended, the dismissal of the entire action ends the litigation …. whether the suit is dismissed with prejudice or without prejudice ….") (citations and internal quotation marks omitted).

2

96-CV-5643, 2000 WL 33582646, at *9 (D.N.J. Feb. 14, 2000) (even where a Third Circuit holding is "technically rendered dictum by the Supreme Court's reversal on other grounds … candor requires the recognition that the Court of Appeals has spoken"); Pearce v. Barry Sable Diamonds, 912 F. Supp. 149, 157-58 (E.D. Pa. 1996) (court recognized that "[t]wo courts of appeals have held the regulation [at issue] valid" but that "the Third Circuit has questioned the validity of the regulation in dicta," id. at 158; "[n]ormally" the court would simply follow "even dicta from the [Third Circuit] Court of Appeals," id. at 157, but, given the unusual procedural posture and the desirability of having the Third Circuit resolve the issue, the court certified the case for appeal pursuant to 28 U.S.C. § 1292(b)).

The only other published Court of Appeals decision addressing the issue, the Second Circuit's Dabit decision, on which plaintiffs have heavily relied, has similarly recognized that the Third Circuit's and defendants' interpretation is a natural reading of the statutory language. See Dabit, 395 F.3d at 47 (quoting statutory language and recognizing that the language "might be read to suggest that where a single complaint contains claims that include allegations triggering preemption and other claims that do not, SLUSA prohibits maintenance of the entire action").

The Third Circuit's straightforward interpretation of the equally straightforward statutory language of SLUSA is clearly correct. Consistent with other controlling cases, the Court of Appeals in Rowinski properly recognized that Congress's decision to authorize removal and preemption of certain "actions" (rather than only "claims") may not be treated as though it were a mere scrivener's error. It is a deliberate policy choice that courts must enforce. See, e.g., Spring Garden Associates, L.P. v. Resolution Trust Corp., 26 F.3d 412, 415-16 (3d Cir. 1994) (The phrase "any action" in a removal statute differs significantly from "any claim." The "commonly understood meaning" of "[any action] … encompasses the entirety of a[] case … and

3

not just [certain] claims."); Dillon v. Miss. Military Dep't, 23 F.3d 915, 918-19 (5th Cir. 1994) (court held that it is clear that the scope of removal pursuant to 28 U.S.C. § 2679(d)(2) encompasses the entire action given the "plain language" of the statute: "The statute states that the 'action or proceeding ... shall be removed.' 28 U.S.C. § 2679(d)(2). It does not speak of claims or federally linked defendants; it speaks of the entire action.") (footnote omitted).[3]

Although it is thus clear that the statutory language of SLUSA requires dismissal of the entire action, plaintiffs have previously argued that the Court should follow the lead of the Second Circuit in Dabit. The Second Circuit in Dabit held that, in view of the traditional presumption against preemption of state law causes of action and for other policy reasons, SLUSA should be construed more narrowly than its text suggests. Dabit, 395 F.3d at 47 (Although the statutory language could reasonably be construed to preempt entire actions, "[w]e assume, however, that the historic police powers of the states are not preempted unless it was Congress's 'clear and manifest purpose' to do so." (quoting City of Milwaukee v. Illinois, 451 U.S. 304, 316 (1981))).

For several reasons, this Court should decline plaintiffs' invitation to follow Dabit in deviating from the result required by the statutory text.

To begin with, the Supreme Court did not affirm any part of the Second Circuit's opinion, electing instead to vacate its judgment. Dabit, 126 S. Ct. at 1515 ("The judgment of the Court of Appeals for the Second Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion."). The Supreme Court's decision thus destroys the

---

[3] See also Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 166 (1997) (The federal claims "suffice to make the actions 'civil actions' within the 'original jurisdiction' of the district courts for purposes of removal…. Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'") (citations omitted).

precedential effect of the entire Second Circuit opinion even within that judicial circuit. O'Connor v. Donaldson, 422 U.S. 563, 577 n.12 (1975) (A Supreme Court "decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this Court's opinion and judgment as the sole law of the case.").

Significantly, moreover, the Supreme Court rejected the Second Circuit's view permeating its entire opinion in Dabit that SLUSA's statutory language should be subject to an artificial narrowing construction based upon a presumption against preemption. The Supreme Court did so based in part on its recognition that SLUSA does not operate to preempt claims or causes of action, but instead bars certain putative class actions: "[T]he general presumption that Congress does not cavalierly preempt state-law causes of action …. carries less force here than in other contexts because SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims." Dabit, 126 S. Ct. at 1514 (citations and internal quotation marks omitted); id. at 1514 ("It would be odd, to say the least, if SLUSA exempted that particularly troublesome subset of class actions from its pre-emptive sweep."); accord Rowinski, 398 F.3d at 304. Accordingly, and in view of the express carve-outs to SLUSA that Congress carefully provided in the text of the statute, the Supreme Court stated flatly that "*it [is] inappropriate for courts to create additional, implied exceptions*." Dabit, 126 S. Ct. at 1514 (emphasis added). Indeed, consistent with the Third Circuit's and defendants' analysis, the Supreme Court recognized that "Congress envisioned a broad construction" of SLUSA. Dabit, 126 S. Ct. at 1513; accord Rowinski, 398 F.3d at 299 (also concluding that legislative history indicates that Congress "envisioned a broad interpretation of SLUSA").

Even apart from the Supreme Court's decision in Dabit, the Second Circuit's and plaintiffs' invocation of various policy arguments are impermissible bases for departing from the law that Congress has enacted. See, e.g., Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 188 (1994); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406 (3d Cir. 2004); Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986). Statutes must be applied in accordance with their terms whether or not they are (in the words of the Second Circuit's opinion in Dabit) "imprecise instruments." 395 F.3d at 47. Indeed, statutes often cover situations other than those that may have primarily motivated their drafters. See Brogan v. United States, 522 U.S. 398, 403 (1998) ("[I]t is not, and cannot be, our practice to restrict the unqualified language of a statute to the particular evil that Congress was trying to remedy – even assuming that it is possible to identify that evil from something other than the text of the statute itself."); id. at 408 ("Courts may not create their own limitations on legislation, no matter how alluring the policy arguments for doing so ….").

Finally, the Third Circuit was obviously unpersuaded by Dabit's attempted rewriting of the statute: Rowinski was decided after (and discusses) Dabit. See Rowinski, 398 F.3d at 299 n.5, 301-304. Yet Rowinski interpreted SLUSA in the manner advocated by defendants.

Accordingly, particularly in light of the Supreme Court's rejection of the Second Circuit opinion in Dabit, there is to be no persuasive basis for declining to adhere to the language of the statute and the Third Circuit's considered dicta in Rowinski.

6

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss the action in its entirety.

Respectfully submitted,

By: /s/  Christopher A. Barbarisi (8716)

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
One Newark Center, Tenth Floor
Newark, NJ  07102
(973) 848-4000
(973) 848-4001
cbarbarisi@klng.com

Jeffrey B. Maletta
Nicholas G. Terris
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
1601 K Street, N.W.
Washington, DC  20006-1600
(202) 778-9000

*Counsel for the Lord Abbett Defendants*